# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ARSLAN AKHMETOV,**

        **Plaintiff,**

**v.**                                       **Case No: 6:21-cv-1148-PGB-EJK**

**HEALTHCARE REVENUE**
**RECOVERY GROUP, LLC,**

        **Defendant.**
_____/

## **ORDER**

This cause is before the Court on Defendant's Motion to Stay, filed November 18, 2021. (Doc. 22 (the "**Motion**")). Plaintiff did not file a response. Upon consideration, the Motion is due to be granted.

On June 16, 2021, Plaintiff filed a complaint against Defendant Healthcare Revenue Recovery Group, LLC ("**Healthcare**"), in state court. (Doc. 1-1). Then, on July 14, 2021, Healthcare timely removed the case to this Court. (Doc. 1). In its Complaint, Plaintiff alleges Healthcare violated § 1692c(b) of the Fair Debt Collection Practices Act and § 559.72(5) of the Florida's Consumer Collection Practices Act by unlawfully transmitting Plaintiff's personal information to a third-party for generation of the debt collection letter. (Doc. 1-1). Defendant now requests to stay the litigation due to the pending *en banc* review of *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, No. 19-14434, 2021 WL 5353154, at *1

(11th Cir. Nov. 17, 2021), positing that it is a question of exceptional importance for the instant case. (Doc. 22, pp. 2–4).

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Nevertheless, staying a matter is an extraordinary measure that should only be employed to further the ends of justice, and the district court should resolve any doubts against issuing a stay. *See Bank of Am., N.A. v. Sullivan*, No. 8:13-cv-385, 2013 WL 2285079, at *2 (M.D. Fla. May 23, 2013). A stay of proceedings is based on a balancing test that evaluates both the interests of the parties and the interests of the Court. *See Lanard Toys Ltd. v. Toys "R" US-Del., Inc.*, No. 3:15-cv-849, 2017 WL 5256870, at *4–5 (M.D. Fla. Nov. 13, 2017).

The Court agrees that *Hunstein* contains a matter of exceptional importance, and the instant case should be stayed pending its resolution. On October 28, 2021, the Eleventh Circuit vacated *Hunstein* to address the Supreme Court's opinion in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), and it ultimately reached the same conclusion that transmitting a plaintiff's personal information to a third-party for generation of the debt collection letter fell within the meaning of § 1692c(b) and created a concrete injury necessary for Article III standing. No. 19-14434, 2021 WL 4998980 (11th Cir. Oct. 28, 2021). However, on November 17, 2021, the Eleventh Circuit granted a rehearing *en banc* and again vacated the prior opinion. 2021 WL 5353154, at *1 (11th Cir. Nov. 17, 2021). Thus, it is nonsensical to proceed with this case when the Eleventh Circuit may hold that Plaintiff does not have standing to

bring this claim in the first instance. Therefore, in the interests of both the parties and the Court to avoid superfluous litigation, the case is due to be stayed pending the resolution of *Hunstein*.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Stay (Doc. 22) is **GRANTED**.
2. This case is hereby **STAYED**.
3. The Clerk of Court is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Orlando, Florida on December 6, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3