UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-1148

ARSLAN AKHMETOV,

      Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

      Defendant.
_____/

## **JOINT STATUS REPORT**

Plaintiff, Arslan Akhmetov, and Defendant, Healthcare Revenue Recovery Group, LLC, pursuant to this Court's Order dated December 15, 2021 **[DE 23]**, hereby file this Joint Status Report. In preparation for evaluating the case management track, developing a case management plan, discussing settlement in good faith, and keeping the Court apprised of the Petition for Rehearing En Banc in *Hunstein v. Preferred Collection & Mgmt. Servs.,* 994 F.3d 1341 (11th Cir. 2021), the following is reported by the undersigned.

I. **Status of *Hunstein* Appeal:**

1. On October 28, 2021, the panel judges of the Eleventh Circuit issued a published opinion affirming its previous April 23, 2021, opinion finding that the Court had Article III standing. The court further addressed that the United States Supreme Court's opinion in *TransUnion, LLC v. Ramirez*, 141 S.Ct. 2190 (2021) did not alter the court's interpretation or holding as to Article III standing based on the review standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Finally, the court held that the alleged facts contained in the Plaintiff's complaint stated a cause of action under 15 U.S.C. Section 1692c(b). Unlike the prior opinion, Judge Tjoflat issued a dissenting opinion.

2. On November 16, 2021, the Eleventh Circuit issued an Order granting a Motion for Extension of time until December 3, 2021 for the Appellee to file a Petition for Rehearing *En Banc*.

3. On November 17, 2021, the panel judges of the Eleventh Circuit issued a published opinion voting in favor of the case being reheard en banc. As such, the Court entered a sua sponte Order that the panel's opinion is vacated, and that the case will be reheard en banc.

4. On November 23, 2021, the Eleventh Circuit issued a Memorandum to Counsel or Parties instructing the Parties to focus their briefs on the question of: "Does Mr. Hunstein have Article III standing to bring this lawsuit?" Appellant's brief was due on or before December 23, 2021, and Appellee's Brief was to be served and filed electronically before January 18, 2022.

5. On January 11, 2022, the Eleventh Circuit issued a Memorandum to Counsel or Parties scheduling oral arguments for the Parties on Tuesday, February 22, 2022, at 9:00 a.m. in Atlanta, Georgia.

6. On February 22, 2022, the Parties had oral arguments in front of the Eleventh Circuit. As of the date of this filing, no opinion has been issued.

## II. Present Position of the Parties:

In light of the court's opinion and the indication that the Appellee intends on seeking an *en banc* review of the opinion, the Parties request this Court to continue the Stay pending a resolution and decision from the Eleventh Circuit following consideration of the petition for an *en banc* review.

## III. Statement of Claim in this case:

### (1) Plaintiff's Claim

Plaintiff asserts that during the course of debt collection related to medical treatment, Defendant violated 15 U.S.C. § 1692c(b) of the FDCPA and §559.72(5) of the FCCPA. Specifically, Plaintiff avers that Defendant communicated his information to a third-party vendor for the purposes of

creating and sending to him collection correspondence dated May 4, 2021. Plaintiff contends that he did not consent to the communication of his information to any vendor, and that the communication affected his reputation. Consequently, Plaintiff is seeking statutory and actual damages in connection with fear, stress, confusion, deception, anxiety, and worry alleged to have been sustained as a result of the information transmitted by Defendant.

**(2) Defendant's Defenses**

Defendant has asserted that it did not violate the FDCPA or the FCCPA as alleged in Plaintiff's Complaint, and has asserted the following defenses included but not limited to: (1) the subject actions pursuant to Section 559.72(5) *Fla. Stat.* are not actionable as Defendant had a legitimate business need for the information conveyed; (2) the complaint fails to state a cause of action; (3) FDCPA and FCCPA's *bona fide* error defenses; (4) any recovery awarded should be reduced as Plaintiff failed to mitigate his damages; (5) Defendant is not liable for the actions of third parties; (6) Defendant had authorization and/or consent to communicate information about the Plaintiff to third-party vendors pursuant to documentation of consent for treatment and privacy agreements under HIPAA; and (7) that Plaintiff's reliance upon the Eleventh Circuit's recent opinion in *Hunstein*, should not be applied to the Defendant retroactively.

4

1. <u>Summary of Uncontested Facts:</u>

    A. Plaintiff is a consumer.

    B. Defendant is a debt collector.

2. <u>Summary of Known Issues:</u>

    A. Whether Defendant's transmission of Plaintiff's information to a third-party, of which used said information to print and mail a collection letter to Plaintiff, was a "communication" within the scope of the FDCPA. *See* 15 U.S.C. § 1692a(2) ("The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium.")

3. <u>Pending Motions:</u>

    There are no pending motions.

4. <u>Progress of Discovery, and Approximate Time at which Case Ready for Trial</u>

    Pursuant to the Case Management and Scheduling Order **[DE 8]** the discovery deadline prior to the Stay was May 2, 2022. The Court Ordered mediation to take place before May 16, 2022, with James Betts, Esq., serving as mediator. On December 15, 2021, this Court entered an Order staying this case until the resolution of the Eleventh Circuit's Resolution of the Petition for Rehearing en banc in *Hunstein v. Preferred Collection & Mgmt. Servs.,* 994

F.3d 1341 (11th Cir. 2021) and directed the Parties to file a status report every 60 days.

Dated: June 1, 2022

Respectfully submitted,

/s/ *Thomas Patti*  
Thomas Patti, Esquire  
Florida Bar No. 118377  
tom@jabraellaw.com  
Law Offices of Jibrael S. Hindi  
110 SE 6th St. Fl. 17  
Fort Lauderdale, FL 33301  
*Attorney for Plaintiff*

/s/ *Ernest H. Kohlmyer, III*  
Ernest H. Kohlmyer, III, Esquire  
Florida Bar No. 110108  
Skohlmyer@shepardfirm.com  
Shepard, Smith, Kohlmyer & Hand, P.A.  
2300 Maitland Center Parkway, Suite 100  
Maitland, Florida 32751  
Telephone (407) 622-1772  
Facsimile (407) 622-1884  
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **June 1, 2022**, via the Court Clerk's CM/ECF. I further certify that a copy was furnished to: Jibrael Hindi, Esq. at Jibrael@Jibraellaw.com and Thomas Patti, Esquire at tom@jibraellaw.com *(Attorneys for Plaintiff)*.

<u>*/s/ Ernest H. Kohlmyer, III*</u>
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 110108
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Telephone (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, Healthcare Revenue Recovery Group, LLC*